UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED USDC CLERK, SC

2005 JUN 24 P 10:04

| | |
|---|---|
| **James Boyd McKenith**, # 234399, | ) C/A No. 9:05-1578-HFF-GCK |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| **George Hagan**, Warden of Allendale Correctional Institution;<br>**John Pate**, Associate Warden of Allendale Correctional Institution;<br>**Levern Cohen**, Associate Warden of Allendale Correctional Institution;<br>**NFN Walker**, Major at Allendale Correctional Institution;<br>**John Doe**, Captain at Allendale Correctional Institution;<br>**Robert E. Ward**, Division Director of Operations; and<br>**Jon Ozmint**, Director of SCDC, | ) |
| Defendants. | ) |

The Office of the Clerk of Court has received a "Return of Service-Unexecuted" (Document No. 7) for defendant John Doe. The "Return of Service-Unexecuted indicates that the South Carolina Department of Corrections will not accept service for a "John Doe" defendant.

Rule 4(m) [formerly Rule 4(j)] of the Federal Rules of Civil Procedure provides that unless a particular defendant is served within 120 days after the complaint is filed, this court is required to dismiss an action without prejudice as to that particular defendant. Case law interpreting Rule 4(m) or its predecessor, "old" Rule 4(j), has uniformly held that dismissal is mandatory unless good cause is shown if the defendants are not served within 120 days. See, e.g., Mendez v. Elliott, 45 F.3d 75, 78-80, 1995 U.S.App. LEXIS® 1432 (4th Cir.

1995)(collecting cases);[*] <u>Epstein v. White</u>, 1991 U.S.Dist. LEXIS® 14888, 1991 WESTLAW® 214152 (N.D.Ill., October 18, 1991), *reconsideration denied*, <u>Epstein v. Frye</u>, 1992 U.S.Dist. LEXIS® 13574, 1992 WESTLAW® 225566 (N.D.Ill., September 8, 1992); and *cf.* <u>Mid-Continent Wood Products, Inc. v. Harris</u>, 936 F.2d 297, 1991 U.S.App. LEXIS® 13888 (7th Cir. 1991).

Hence, the plaintiff is apprised that defendant John Doe will be subject to dismissal after October 5, 2005, unless the plaintiff can provide sufficient information to **identify** defendant John Doe **and serve** him by October 5, 2005. Fed. R. Civ. P. 4(m).

IT IS SO ORDERED.

June 23, 2005
Charleston, South Carolina

George C. Kosko
United States Magistrate Judge

---

[*] Other courts were not kindly disposed to the holding in <u>Mendez v. Elliott</u>. In <u>Hammad v. Tate Access Floors, Inc.</u>, 31 F.Supp.2d 524, 526, 1999 U.S.Dist. LEXIS® 56 (D. Md. 1999)("While the court acknowledges that it is not free to ignore valid Fourth Circuit precedent merely because the overwhelming weight of circuit court authority is to the contrary, . . . the court believes that the continued vitality of <u>Mendez</u> is seriously in doubt."), the district court concluded that <u>Mendez v. Elliott</u> was superannuated by <u>Henderson v. United States</u>, 517 U.S. 654, 658 n. 5, 1996 U.S. LEXIS® 3243 (1996), and that the United States Court of Appeals for the Fourth Circuit, if given the chance, would overrule <u>Mendez v. Elliott</u>. *See also* <u>AIG Managed Market Neutral Fund v. Askin Capital Management, L.P.</u>, 197 F.R.D. 104, 2000 U.S.Dist. LEXIS®14437 (S.D.N.Y. 2000); and <u>Melton v. TYCO Valves & Controls, Inc.</u>, 211 F.R.D. 288, 289-290, 2002 U.S.Dist. LEXIS® 24348 (D. Md. 2002)("Based on the Supreme Court's clear explication of the meaning of Rule 4(m) in *Henderson* to allow discretionary extensions of time for service of process and on the other circuit courts' unanimous rejection of the *Mendez* court's position, this Court believes that the continued vitality of *Mendez* is seriously in doubt. *Hammad*, 31 F.Supp.2d at 527.").

2